**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| THERESA PELLEGRINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00387-HFS |
| | ) | |
| HY-VEE, INC. | ) | |
| (d/b/a/ Hy-Vee (Lee's Summit #2), | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT'S SUGGESTIONS IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As explained in more detail below, Plaintiff is barred under the judicial estoppel doctrine from pursuing her claims against Hy-Vee. More specifically, Plaintiff filed for bankruptcy in April 2022, but failed to disclose her claims against Hy-Vee in her bankruptcy proceedings until September 2023 – despite the express requirement that she disclose all potential causes of action in bankruptcy. Indeed, it was not until after Hy-Vee asked Plaintiff in discovery about other legal proceedings that she disclosed her claims in this action to the bankruptcy court.

Because the law is clear that Plaintiff's failure to disclose her claims against Hy-Vee in her bankruptcy proceedings prevents her from pursuing those claims, Hy-Vee is entitled to judgment as a matter of law.

**I.       STATEMENT OF UNCONTROVERTED FACTS[1]**

**Plaintiff's Employment with Hy-Vee**

1.       Plaintiff worked for Hy-Vee for over twenty years until her resignation in June 2022. (Plaintiff's Complaint ("Pl.'s Compl.") at ¶ 11, attached hereto as Exhibit A).

---

[1] Hy-Vee assumes the truth of the facts as alleged by Plaintiff only for purposes of this motion. In actuality, Hy-Vee disputes many of the "facts" included herein.

2. During her employment, Plaintiff was reassigned from the deli department to a serving position in the restaurant/kitchen department where she took orders, worked the cash register, and waited on customers. Ex. A, Pl.'s Compl. at ¶¶ 12-14.

3. Plaintiff alleges that due to struggles she was experiencing with her server position, she developed high blood pressure and depression. Ex. A, Pl.'s Compl. at ¶15.

4. Plaintiff claims she disclosed her alleged disability to the Store Director and requested a transfer back to the deli department as a reasonable accommodation for her disability. Ex. A, Pl.'s Compl. at ¶ 16.

5. Plaintiff further alleges Hy-Vee refused to accommodate her request to transfer and instead replaced her position in the deli department with two individuals under the age of 40. Ex. A, Pl.'s Compl. at ¶¶ 17-18.

6. Plaintiff claims that Hy-Vee's refusal to transfer her back to the deli department ultimately led to her constructive discharge on June 3, 2022. Ex. A, Pl.'s Compl. at ¶ 23.

7. On July 8, 2022, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, alleging claims of discrimination based on age and disability, and retaliation. (Plaintiff's Charge of Discrimination ("Pl.'s Charge"), attached hereto as Exhibit B).

8. In her Charge, Plaintiff states the alleged discrimination took place on March 14, 2022 and further claims she felt she had no choice but to resign on June 3, 2022. Ex. B.

9. On May 10, 2023, Plaintiff received her notice of right to sue entitling her to bring the claims in the instant lawsuit. Ex. A, Pl.'s Compl. at ¶ 9.

10. On June 6, 2023, Plaintiff filed her Complaint in the instant lawsuit, alleging claims of age discrimination, retaliation, disability discrimination, and failure to accommodate,

2

culminating in her alleged constructive discharge on June 3, 2022. *See generally* Ex. A, Pl.'s Compl.

**Plaintiff's Chapter 13 Bankruptcy**

11.     On April 28, 2022, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Missouri in Case No. 22-40499-drd13. (Plaintiff's Bankruptcy Petition ("Br. Pet."), [Br. Doc. 1], attached hereto as Exhibit C); *see also* (Docket to Plaintiff's Bankruptcy, attached hereto as Exhibit D).

12.     In her April 28, 2022 Schedule of Property filed with her Bankruptcy Petition, Plaintiff checked "No" in response to the question asking whether she had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." Ex. C, Br. Pet. at 14.

13.     Plaintiff also stated in her Bankruptcy Petition that she was not employed as of April 28, 2022, despite the fact that she continued to work at Hy-Vee until June 3, 2022. *See id*. at 40; Ex. A, Pl.'s Compl. at ¶ 23.

14.     Plaintiff signed her Bankruptcy Petition and "declare[d] under penalty of perjury that the answers are true and correct." Ex. C, Br. Pet. at 51.

15.     On December 20, 2022, the bankruptcy court confirmed Plaintiff's Chapter 13 Bankruptcy Plan. (Order Confirming Chapter 13 Plan [Br. Doc. 57], attached hereto as Exhibit E).

16.     In the bankruptcy court's Order Confirming the Plan, the Court instructed Plaintiff to "report to the standing trustee any events affecting disposable income, including but not limited to: tax refunds, inheritances, prizes, lawsuits, gifts, etc., which are received or receivable during the pendency of this case." Ex. E at ¶6.

17. Notwithstanding the fact that Plaintiff claims in her Complaint that the alleged discrimination and failure to accommodate occurred as early as March 14, 2022, Plaintiff did not disclose her claims against Hy-Vee in her April 28, 2022 Bankruptcy Petition. And despite the fact that Plaintiff had filed a charge of discrimination asserting claims of discrimination and retaliation on July 8, 2022, she did not disclose her claims on December 20, 2022 when the bankruptcy court instructed her to do so in its Order Confirming the Plan. *See* Ex. B, Pl.'s Charge; *see also* Ex. D, Br. Pet.

18. On August 18, 2023, Hy-Vee served its First Interrogatories on Plaintiff and asked Plaintiff to "identity each legal proceeding in which you have been involved as a party or witness during the last ten years." *See* Exhibit F, Hy-Vee's First Interrogatories to Plaintiff No. 2.

19. On September 12, 2023 – just three days before Plaintiff disclosed her bankruptcy proceedings to Hy-Vee in response to Hy-Vee's Interrogatories – Plaintiff disclosed for the first time the existence of her claims against Hy-Vee to the bankruptcy court, the trustee, and her creditors. *See* [Br. Doc. Nos. 66 and 67] September 12, 2023 Motion to Employ Outside Counsel, attached hereto as Exhibit G, and September 13, 2023 Summary of Assets and Liabilities and Certain Statistical Information, attached hereto as Exhibit H; *see also* Plaintiff's Interrogatory Answers, attached hereto as Exhibit I.

20. As part of her Motion to Employ Outside Counsel filed with the bankruptcy court, Plaintiff included an Affidavit from her counsel in this lawsuit along with a copy of the engagement letter she signed to engage counsel for her claims against Hy-Vee. *See* Ex. G at 4-5.

21. Notably, Plaintiff signed her engagement letter to engage counsel for her claims against Hy-Vee on April 29, 2022 – one day after she filed for Chapter 13 Bankruptcy. *See id.*; *see*

4

*also* Ex. C. Moreover, the engagement letter explicitly requests that Plaintiff "inform [counsel] prior to initiating any personal bankruptcy proceeding." *See* Ex. G at 5.

## II.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotations omitted). Summary judgment is appropriate if the movant is entitled to judgment as a matter of law and there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Denial of a motion for summary judgment is warranted only where there is a genuine issue of material fact. *Id.* at 247-48.

Based on the record evidence, and for the reasons discussed below, Plaintiff will not be able to produce evidence showing that there is any issue of material fact because the doctrine of judicial estoppel prevents her from pursuing her claims against Hy-Vee on account of her failure to disclose those claims in bankruptcy.

## III.    ARGUMENT

### A.     Legal Requirements for Listing Assets in a Chapter 13 Bankruptcy

Pursuant to the Bankruptcy Code, a debtor has an express affirmative duty to disclose all assets, including all legal claims and causes of action, pending or potential, when filing for bankruptcy relief. *See Arnold v. ADT Sec. Servs., Inc.*, No. 05-0607-CV-W-HFS, 2007 WL 2885148, \*4 (W.D. Mo. Sept. 27, 2007); *see also* 11 U.S.C. §§ 521(a)(1), 541(a)(1). Causes of action for monetary damages are assets which a debtor is legally required to disclose. *Young v. Time Warner Cable Cap., L.P.*, No. 04-0651-CV-W-HFS, 2006 WL 2927569, \*4 (W.D. Mo. Oct. 12, 2006) (*citing U.S. ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001)).

Moreover, in a Chapter 13 bankruptcy, the property of the estate also includes all causes of action acquired by the debtor *after* the commencement of the bankruptcy case. *See* 11 U.S.C. § 1306 ("Property of the estate includes [all property] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted. . . ."). As such, a debtor's obligation to disclose assets is a continuing one, such that a debtor must amend her bankruptcy filings to disclose property acquired and causes of action that accrued during the pendency of the bankruptcy case. *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 680 (8th Cir. 2012) (finding that debtor was required to amend her bankruptcy petition to disclose her involvement or potential involvement in subsequent lawsuit); *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1033 (8th Cir. 2016) ("a Chapter 13 debtor who does not amend his bankruptcy schedules to reflect a post-petition cause of action adopts inconsistent positions in the bankruptcy court and the court where that cause of action is pending") ; *see also Smith v. Haynes & Haynes, P.C.*, 940 F.3d 635, 643 (11th Cir. 2019) ("the duty to amend applies to Chapter 13 petitioners even after confirmation of the petitioner's plan"); *Fornesa v. Fifth Third Mortg. Co.*, 897 F.3d 624, 628 (5th Cir. 2018) ("Chapter 13 debtors have a continuing obligation to amend financial schedules to disclose assets acquired post-petition"). Indeed, a cause of action does not have to exist as a separate lawsuit in order for it to become part of the bankruptcy estate. *See In re Rosenberg*, 303 B.R. 172, 176 (8th Cir. B.A.P. 2004) (finding, had the employer terminated the debtor's employment during the debtor's Chapter 13 proceedings, any claim related to the termination would have become property of the Chapter 13 estate).

## B. Because Plaintiff Failed to Disclose Her Claims in Bankruptcy, She is Judicially Estopped from Asserting Those Claims in This Lawsuit

The purpose of the doctrine of judicial estoppel is to "protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies

6

of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal citations omitted). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. *Id.* at 749.

Courts within the Eighth Circuit regularly invoke the doctrine of judicial estoppel in the context of plaintiffs who fail to disclose their legal claims in bankruptcy. *See, e.g.*, *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1033 (8th Cir. 2016) (affirming the district court's application of judicial estoppel and stating, "[a] party who has filed for bankruptcy may be judicially estopped from pursuing a claim not disclosed in his or her bankruptcy filings."); *Van Horn v. Martin*, 812 F.3d 1180, 1183 (8th Cir. 2016) (same); *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 680 (8th Cir. 2012) (same); *Lee v. Walgreens Co.*, No. 4:19-CV-1792 CAS, 2019 WL 5550544 (E.D. Mo. Oct. 28, 2019); *Funk v. Lab. Ready, Inc.*, No. 4:08-CV-00132-WRW, 2008 WL 4368946 (E.D. Ark. Sept. 24, 2008).

In determining whether to apply the doctrine of judicial estoppel, courts consider three factors:

> 1) whether a party's later position is clearly inconsistent with its earlier position;
>
> 2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and
>
> 3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire*, 532 U.S. at 751.

As set forth below, a review of the three factors here dictates the application of judicial estoppel and the dismissal of Plaintiff's claims against Hy-Vee.

1. **Plaintiff has Taken A Clearly Inconsistent Position By Failing to Disclose Her Claims in Bankruptcy**

Put simply, "[a] debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). In the same vein, "a Chapter 13 debtor who does not amend his bankruptcy schedules to reflect a post-petition cause of action adopts inconsistent positions in the bankruptcy court and the court where that cause of action is pending." *Bob Evans*, 811 F.3d at 1033.

A review of Plaintiff's bankruptcy docket in comparison to her representations in this action reveals the inconsistent positions Plaintiff has taken in her bankruptcy proceedings and this litigation. Plaintiff filed for Chapter 13 Bankruptcy on April 28, 2022. *See* Exs. C and D. In her Bankruptcy Petition filed the same day, Plaintiff represented to the Court that she did not have any "claims against third parties," despite the fact that Plaintiff alleged in her Charge that the alleged discrimination took place as early as March 14, 2022. *See* Exs. C and B. Additionally, Plaintiff stated in her Bankruptcy Petition that she was not employed as of April 28, 2022, despite the fact that she maintains in this lawsuit that she worked at Hy-Vee until June 3, 2022. *See* Exs A and C.

Even more concerning is that Plaintiff executed an engagement letter to obtain representation for her claims against Hy-Vee on April 29, 2022 – the day after she filed for bankruptcy! *See* Ex. G at 4-5. Among other things, that letter advised Plaintiff to inform counsel about initiating any bankruptcy proceedings. *Id.* at 5. It's hard to fathom how Plaintiff could be unaware of her claims against Hy-Vee at the time she filed for bankruptcy on April 28, 2022 when she engaged counsel to represent her in those claims the very next day. *See* Ex. C and G.

8

Plaintiff's failure to amend her bankruptcy schedules for more than a year after filing for bankruptcy further highlights her inconsistent positions. Plaintiff filed her Charge of Discrimination against Hy-Vee on July 8, 2022, subsequently received her right to sue notice on May 10, 2023, and filed her Complaint against Hy-Vee on June 6, 2023. *See* Ex. A, Pl.'s Compl. at ¶ 9; Ex. B. Yet, Plaintiff continually failed to amend her bankruptcy schedules to disclose her claims against Hy-Vee. *See Van Horn*, 812 F.3d at 1183 (noting it was undisputed that the plaintiff had knowledge of her claims given her receipt of a right to sue notice while her bankruptcy case was pending).

In fact, Plaintiff continued to conceal her claims against Hy-Vee until asked in discovery to identify any legal proceedings to which she has been a party. *See* Ex. F (Hy-Vee's August 18, 2023 Interrogatory No. 2 to Plaintiff). In response, Plaintiff answered on September 15, 2023, that "Plaintiff and her husband filed a Chapter 13 Bankruptcy on April 28, 2022. Case No. 22-40499-drd13." *See* Ex. I (Plaintiff's Answer to Interrogatory No. 2). Only three days earlier, on September 12, 2023, Plaintiff filed her Motion to Employ Outside Counsel in which she first disclosed her claims against Hy-Vee in her bankruptcy proceedings. *See* Ex. G. In other words, Plaintiff only notified the bankruptcy court about her claims against Hy-Vee when she was compelled to reveal her pending bankruptcy in this action.

Plaintiff clearly knew about her potential age and disability discrimination and retaliation claims when she filed for bankruptcy on April 28, 2022 and was therefore required to disclose them in her bankruptcy proceedings. She failed to do so and further, continued to pursue her claims against Hy-Vee for more than seventeen months without amending her bankruptcy schedules to reflect her claims against Hy-Vee, even though her counsel alerted her to the issue the day after she filed her Bankruptcy Petition (if not before).

9

In short, Plaintiff has obviously and clearly taken inconsistent positions, satisfying the first factor of the judicial estoppel analysis.

2. **Plaintiff Succeeded in Persuading the Bankruptcy Court to Confirm Her Bankruptcy Plan Based on Filings That Omitted Her Claims Against Hy-Vee**

In evaluating the second factor, the Eighth Circuit looks at whether the bankruptcy court "effectively adopted the debtor's position." *Stallings*, 447 F.3d at 1048 (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004). In *Stallings*, the Eighth Circuit stated an example of such adoption by the bankruptcy court occurs "where the bankruptcy court issues a "no asset" discharge. *Id.* (citing *In re Superior Crewboats*, 374 F.3d at 335) (noting, "[a]doption does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'")).

Although the Eighth Circuit has not directly addressed the issue, courts within the Eighth Circuit have held that a bankruptcy court's order confirming a Chapter 13 Plan constituted sufficient evidence that the bankruptcy court adopted the plaintiff's position. *See, e.g.*, *Ginardi v. Frontier Gas Servs., LLC*, No. 4:11-cv-00420-BRW, 2012 WL 136269, *2 (E.D. Ark. Jan. 18, 2012) ("As evidenced by the Order Confirming Chapter 13 Plan as Modified on August 30, 2011, the bankruptcy court adopted the Plaintiff's position."); *Funk*, 2008 WL 4368946, at *2 (finding the second factor met "when the bankruptcy court adopted the plaintiff's position on her assets and instituted her payment plan.").

Moreover, many other Circuit Courts have long-held that confirmation of a Chapter 13 bankruptcy plan is sufficient to establish that the bankruptcy court has adopted the plaintiff's position. *See, e.g.*, *Saili v. Waste Mgm't of Kansas, Inc.*, No. 22-3268, 2023 WL 6058710, at *2 (10th Cir. Sept. 18, 2023) (finding the second factor satisfied if a debtor "convinced the bankruptcy

10

court to confirm her Chapter 13 plan without disclosing her claims[.]") (internal citations omitted); *BPP Illinois, LLC v. The Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 194 (2nd Cir. 2017) ("Adoption in judicial estoppel "is usually fulfilled . . . when the bankruptcy court confirms a plan pursuant to which creditors release their claims against the debtor.") (internal citations omitted); *Ah Quin v. Cnty of Kauai Dept. of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (same); *Lewis v. Weyerhaeuser Co.*, 141 Fed. App'x 420, 425 (6th Cir. 2005) (same); *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (same). As the Ninth Circuit in *Ah Quin* explained, "[i]n the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." 733 F.3d at 271.

Here, the bankruptcy court confirmed Plaintiff's Chapter 13 Plan on December 20, 2022. *See* Ex. E. This was more than nine months after Plaintiff's claims against Hy-Vee allegedly accrued (in March of 2022) and five months after she filed her Charge of Discrimination (in July of 2022). *See* Ex. B. Yet, despite her knowledge of her claims against Hy-Vee, she convinced the bankruptcy court to confirm her Chapter 13 Plan without disclosing her claims as assets of the bankruptcy estate. *See* Ex. E. As a result, Plaintiff persuaded the bankruptcy court to accept her earlier inconsistent position by confirming her Plan without considering the instant claims, thus satisfying the second factor of the judicial estoppel analysis. *New Hampshire*, 532 U.S. at 750.

3. **Plaintiff's Failure to Disclose Her Claims in Bankruptcy Put Her in A Position to Reap A Potential Recovery in This Court, Giving Her an Unfair Advantage to the Detriment of Her Creditors**

In evaluating the final factor, the Eighth Circuit has clarified that a plaintiff's failure to disclose claims to the bankruptcy court "must not be inadvertent and must result in the debtor gaining an unfair advantage." *Stallings*, 447 F.3d at 1048. Generally, a plaintiff's failure to disclose

11

Case 4:23-cv-00387-DGK   Document 25   Filed 10/27/23   Page 11 of 15

claims in bankruptcy is inadvertent only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Jones*, 811 F.3d at 1034. Significantly, however, the Eighth Circuit has reasoned that in the employment discrimination context:

> [A] debtor who files his bankruptcy petition, subsequently receives a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor "knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.

*Stallings*, 447 F.3d at 1048 (quoting *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *see also Van Horn v. Martin*, 812 F.3d 1180, 1183 (8th Cir. 2016) (finding it undisputed that the plaintiff had knowledge of her claims where she received a right-to-sue letter while her bankruptcy case was pending).

Plaintiff cannot simply claim she inadvertently or mistakenly forgot to inform the bankruptcy court of her claims when she obviously had prior knowledge of those claims. Plaintiff's claims accrued in March of 2022, before she filed her bankruptcy petition. *See* Exs. A-C. To be sure, Plaintiff clearly had knowledge of her claims when she executed her engagement letter on April 29, 2022 – the day after she filed for bankruptcy.

Moreover, even if Plaintiff could conceivably argue she was not aware of any existing claims against Hy-Vee at the time she filed for bankruptcy, she was undoubtedly well aware of her claims when she filed her Charge of Discrimination in July of 2022, received her right-to-sue notice in May of 2023, and filed this action in June of 2023. Yet, she never sought to amend her bankruptcy filings to disclose her claims against Hy-Vee, despite her continuing duty to do so. Rather, Plaintiff concealed her claims from the bankruptcy court for nearly a year and a half, and only finally disclosed her claims to the bankruptcy court upon the realization that she would have to disclose her bankruptcy to Hy-Vee in this lawsuit.

The Eighth Circuit has found this conduct and timeline sufficient to satisfy the third *New Hampshire* factor. *See Jones*, 811 F.3d at 1034 (finding the plaintiff "could have derived an unfair advantage in the bankruptcy proceedings by concealing his claims" because, if he disclosed his claims, "the trustee could have moved the bankruptcy court to order him to make any potential settlement available to his unsecured creditors."). Furthermore, the Eighth Circuit has explained "judicial estoppel does not require the nondisclosure lead to a different result in the bankruptcy proceeding . . . and may apply based on a litigant's intent to mislead the court." *Id.*

Notwithstanding that Plaintiff claims her cause of action accrued prior to her filing for bankruptcy, Plaintiff received her notice of right to sue notice from the EEOC in this action on May 10, 2023. *See* Ex. A, Pl.'s Compl. at ¶ 9. As such, Plaintiff clearly had knowledge of her claims while her bankruptcy case was pending. As such, there can be no dispute that she had "motive to conceal" her claims from the bankruptcy court. *See Jones*, 811 F.3d at 1034 (finding that the plaintiff had knowledge of his claims while his bankruptcy case was pending and noting that the Eighth Circuit has recognized that a "Chapter 13 debtor who receives a right to sue letter from the EEOC while his bankruptcy case is pending has a motive to conceal his employment discrimination claims from that court"). Indeed, to rule otherwise would encourage bankruptcy debtors to conceal their claims in bankruptcy as there would be no penalty for their nondisclosure.

Accordingly, because all three factors of the judicial estoppel analysis are met, the Court should dismiss Plaintiff's Complaint in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Hy-Vee requests this Court enter an Order granting its Motion for Summary Judgment and dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

*/s/Jeannie M. DeVeney*
Jeannie M. DeVeney, MO #46885
Direct: 816.627.4405
E-Fax: 816.817.1453
jdeveney@littler.com
Allyson T. Crowder, Mo. #75218
Direct: 816.627.4442
E-Fax: 816.817.5270
acrowder@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27th, 2023, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which sent electronic notice to the following counsel of record:

Douglas L. Carter
Jonathan K. McCoy
LAW OFFICES OF DOUGLAS L. CARTER, P.C.
2345 Grand Blvd., Suite 1675
Kansas City, Missouri 64108
Tel: (816) 283-3500
Fax: (816) 283-3084
doug@carter.law
jon@carter.law

ATTORNEYS FOR PLAINTIFF

*/s/ Jeannie M. DeVeney*
ATTORNEY FOR DEFENDANT